UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KENNETH KUKOWSKI,

    Plaintiff,

vs.                               CASE NO.:

C & F FINANCE COMPANY,     6:15-cv-1166-ORL- 40TBS

    Defendant.
_____/

## COMPLAINT

Plaintiff, KENNETH KUKOWSKI, by and through his undersigned counsel, sues the Defendant, C & F FINANCE COMPANY and in support thereof respectfully alleges the following:

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collections Practices Act, Chapter 559, *et seq.* ("FCCPA").

## INTRODUCTION

2. The TCPA was enacted to prevent companies like C & FINANCE COMPANY from invading American citizen's privacy and to prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone

subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

6. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

7. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C. § 1332, diversity jurisdiction.

8. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

9. Venue is proper in this District because the Plaintiff resides in this District (Sumter County), the phone calls were received in this District, and the Defendant transacts business in Sumter County, Florida.

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person, and citizen of the State of Florida, residing in Sumter County, Florida, and resides in this District.

11. Plaintiff is a "consumer" as defined in Florida Statute 559.55(2).

12. Plaintiff is an "alleged debtor."

13. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

14. Defendant is a "debt collector" as defined by Florida Statute §559.55(6). Defendants sought to collect a debt from Plaintiff.

15. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1).

16. Defendant C & F FINANCE COMPANY (hereinafter "C & F FINANCE") is corporation with its principal place of business located at 1313 East Main Street, Suite 400, Richmond, Virginia 23219. The Registered Agent in the State of Florida for Defendant C & F FINANCE is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

17. The conduct of Defendant which gives rise to the cause of action herein alleged occurred in this District, Sumter County, Florida, by the Defendant's placing of illegal calls to Sumter County, Florida.

18. Prior to October 2010, Plaintiff purchased an automobile which was financed by C & F Finance.

19. In approximately October of 2010, Plaintiff began receiving debt collection calls on his cellular telephone from C & F Finance. Plaintiff received up to three telephone calls per day from C&F Finance.

3

20. Plaintiff told Defendant to stop calling him on more than one occasion. When Plaintiff told the Defendant to stop calling him, Defendant said, "We are a finance company, we will continue to call you."

21. Plaintiff begged the Defendant repeatedly to stop calling, but Defendant just laughed at Plaintiff.

22. Plaintiff asked the Defendant to stop calling him at his place of employment and Defendant stated "that's too bad."

23. Defendant knowingly and/or willfully harassed and abused Plaintiff on a constant basis by calling Plaintiff's cellular telephone number numerous times a day from approximately October of 2010 until approximately April of 2015, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account. Plaintiff received approximately 600 calls to his cellular telephone.

24. Due to the tremendous volume of calls, Plaintiff was not able to keep track of each call, however, below is a small sampling of the dates and times that Plaintiff received telephone calls from the Defendant's phone number 855-602-2001 after repeatedly asking Defendant to stop calling:

1. 01/10/15 at 09:55 a.m.
2. 01/12/15 at 12:20 p.m.
3. 01/13/15 at 01:15 p.m.
4. 01/14/15 at 04:00 p.m.
5. 01/15/15 at 10:40 a.m.
6. 01/16/15 at 11:05 a.m.
7. 01/17/15 at 10:01 a.m.
8. 01/19/15 at 02:49 p.m.
9. 01/21/15 at 10:31 a.m.
10. 01/22/15 at 09:11 a.m.
11. 01/24/15 at 09:07 a.m.
12. 01/24/15 at 10:36 a.m.
13. 01/26/15 at 10:59 a.m.
14. 01/27/15 at 10:13 a.m.
15. 01/28/15 at 11:30 a.m.
16. 01/29/15 at 10:28 a.m.

17. 01/31/15 at 09:21 a.m.
18. 02/02/15 at 12:21 p.m.
19. 02/03/15 at 11:27 a.m.
20. 02/04/15 at 03:21 p.m.
21. 02/06/15 at 02:06 p.m.
22. 02/07/15 at 10:02 a.m.
23. 02/09/15 at 01:22 p.m.
24. 02/10/15 at 01:08 p.m.
25. 02/11/15 at 01:49 p.m
26. 02/11/15 at 03:14 p.m.
27. 02/12/15 at 12:53 p.m.
28. 02/13/15 at 12:05 p.m.
29. 02/13/15 at 02:18 p.m.
30. 02/16/15 at 10:48 a.m.
31. 02/18/15 at 11:19 a.m.
32. 02/19/15 at 11:02 a.m.
33. 02/20/15 at 12:41 p.m.
34. 02/20/15 at 01:44 p.m.
35. 02/21/15 at 10:13 a.m.
36. 02/23/15 at 11:16 a.m.
37. 02/23/15 at 11:56 a.m.
38. 02/24/15 at 11:56 a.m.
39. 02/25/15 at 11:47 a.m.
40. 02/25/15 at 02:23 p.m.
41. 02/26/15 at 01:15 p.m.
42. 02/28/15 at 09:28 a.m.
43. 03/03/15 at 11:21 a.m.
44. 03/04/15 at 01:16 p.m.
45. 03/05/15 at 11:17 a.m.
46. 03/06/15 at 11:04 a.m.
47. 03/07/15 at 10:04 a.m.
48. 03/09/15 at 02:17 p.m.
49. 03/09/15 at 05:39 p.m.
50. 03/10/15 at 06:36 p.m.
51. 03/11/15 at 02:10 p.m.
52. 03/12/15 at 01:34 p.m.
53. 03/13/15 at 01:42 p.m.
54. 03/16/15 at 05:56 p.m.
55. 03/18/15 at 10:57 a.m.
56. 03/18/15 at 01:25 p.m.
57. 03/19/15 at 11:27 a.m.
58. 03/20/15 at 12:35 p.m.
59. 03/21/15 at 10:18 a.m.
60. 03/23/15 at 02:00 p.m.
61. 03/24/15 at 11:38 a.m.
62. 03/24/15 at 07:04 p.m.
62. 03/25/15 at 11:05 a.m.
63. 03/26/15 at 10:47 a.m.
65. 03/26/15 at 01:49 p.m.
66. 03/27/15 at 12:51 p.m.
67. 03/27/15 at 03:42 p.m.

25. Upon information and belief, some or all of the calls the Defendants made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). When Plaintiff answers the Defendant's calls, he heard a pause or click before a live agent came onto the line.

26. The calls did not stop until approximately April of 2015, when Plaintiff's brother paid off the loan so that his brother would not be subjected to any more harassment by C & F Finance.

27. Plaintiff is the subscriber of the cellular telephone (601) xxx-4619. Plaintiff is the regular user and carrier of the cellular telephone number, (601) xxx-4619, and was the called party and recipient of Defendant's autodialer calls.

28. Defendant has, or should have, in its possession and/or control, call logs, account notes, autodialer reports and/or other records that detail the exact number of all autodialer calls made to Plaintiff.

29. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, and to make autodialer calls just as they did to Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or the Defendant, to remove the number.

30. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of autodialer calls well-beyond the later part of 2010, when Plaintiff first told the Defendant to stop calling.

31. Defendant's corporate policies are structured as to continue to call individuals like the Plaintiff, despite the individual, like Plaintiff, advising Defendant to stop calling.

32. Defendant's corporate policies provided no means for the Plaintiff to have his cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff.

33. Defendant has numerous complaints against it across the country asserting that their automatic telephone dialing system continues to call the wrong people or people who have revoked consent to be called.

34. Defendant knowingly employed methods and/or have a corporate policy designed to harass and abuse individuals and have set up its autodialers in a manner which makes it virtually impossible for the autodialer calls to stop.

35. Defendant knowingly employed methods that did not permit the cessation of or suppression of autodialer calls to Plaintiff's cellular telephone.

36. Due to Defendant's constant autodialer calls and demands for payment, Plaintiff has suffered statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

### COUNT I
### (Violation of the TCPA)

37. Plaintiff re-alleges and incorporates Paragraphs one (1) through thirty-six (36) above as if fully stated herein.

38. None of Defendant's autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

39. Defendant violated the TCPA with respect to all of its autodialer calls made to Plaintiff's cellular telephone number after Plaintiff revoked consent to be called.

40.     Defendant willfully and/or knowingly violated the TCPA, especially for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant in the later part of 2010 to stop calling and when Plaintiff verbally withdrew, revoked, and/or terminated any alleged consent Defendant believed it had to contact him.

41.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgement against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder form further violations of the law and any other such relief the Court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

42.     Plaintiff incorporates Paragraphs one (1) through thirty-six (36) above as if fully set forth herein.

43.     At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute §559.72.

44.     Defendant violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or his family. Defendant continued to call Plaintiff without Plaintiff's prior express consent and after Plaintiff informed Defendant to stop calling. Defendant called Plaintiff almost daily which is a frequency that can be reasonably expected to harass.

45. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, treble damages, costs, interest, and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio Gomez, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 222-4725
Florida Bar #: 0338620
Attorney for Plaintiff